Matter of Thomas (2019 NY Slip Op 06731)





Matter of Thomas


2019 NY Slip Op 06731


Decided on September 24, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, Dianne T. Renwick, Sallie Manzanet-Daniels, Troy K. Webber, Marcy L. Kahn, Justices.


M-2935

[*1]In the Matter of David E. Thomas, (admitted as David Emil Thomas), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, David E. Thomas, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, David E. Thomas, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 7, 1980.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kathy W. Parrino, of counsel), for petitioner.
Lewis F. Tesser, Esq., for respondent.



PER CURIAM


Respondent David E. Thomas was admitted to the practice of law in the State of New York by the First Judicial Department on April 7, 1980, under the name David Emil Thomas. At all times relevant to this proceeding, he has maintained a law practice within the First Judicial Department.
In July 2018, the Attorney Grievance Committee filed a petition containing 18 charges relating to two separate matters. Specifically, the petition charged that in one matter respondent misrepresented to an adversary that his client did not have any liens on a potential recovery, failed to submit settlement documents for more than a year and to correct defective settlement documents, failed to inform his client of a lawsuit against her by the alleged lienor and allowed a default judgment to be entered, and relied on an oral waiver of liens without obtaining written confirmation. In the other matter, respondent failed to appear for a hearing, failed to comply with numerous discovery requests, failed to move to vacate dismissal of an action for six years and then failed to appear for the return date on the motion, and failed to file a note of issue as directed. In addition, the petition charged that respondent failed to pay his registration dues despite representations to the Committee that he would rectify the matter forthwith.
Respondent failed to answer the petition. By order February 28, 2019, this Court granted the Committee's motion for a default, deeming the charges alleged in the petition to be admitted, suspending respondent immediately, and ordering a hearing on sanctions.
Now, respondent seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 accepting his resignation as attorney and counselor-at-law in the State of New York. By affidavit sworn to June 10, 2019, respondent acknowledges that he is the subject of disciplinary charges as set forth in the petition involving, inter alia, neglect of a legal matter, failing to provide competent representation to a client, failure to properly inform a client of a material development in a matter, and knowingly making a false statement of law or fact to a tribunal, in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1(a), 1.3(a) and (b), 1.4(a)(1)(iii), 1.4(a)(3), 3.3(a)(1), 3.4(c), and 8.4(c) and (h). The Committee does not oppose the motion.
Respondent's affidavit of resignation conforms with 22 NYCRR 1240.10. Accordingly, we grant the motion to the extent of accepting respondent's resignation from the practice of law, and striking his name from the roll of attorneys, nunc pro tunc to June 10, 2019 (see Matter of Hock, 171 AD3d 173 [1st Dept 2019]; Matter of Kiss, 163 AD3d 35 [1st Dept 2018]).
All concur.
Order filed. [September 24, 2019]
The motion is granted, respondent's resignation is accepted and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to June 10, 2019.